## LYFORD *v.* GOVE.

In equity, where the plaintiff has testified to a material matter in issue, his admissions, tending directly to contradict his testimony as to such matter, are competent evidence for the defendant, though not set out in the answer.

IN EQUITY.

*Lyford*, for the plaintiff.

*G. W. Stevens*, for the defendant.

BARTLETT J. The bill seeks to redeem certain real estate mortgaged by the plaintiff to the Winnipiseogee Bank, in 1838. The mortgage and debt were in 1845 assigned to one Pingree, who entered to foreclose in March, 1852. It seems that the equity of

redemption would expire March 20, 1853. The interest of Pingree in the premises and the debt secured thereon was conveyed by him to Dudley Smith, the holder of a subsequent mortgage, by deed dated April 11, 1853. The defendants claim under a deed of trust from Dudley Smith to themselves, dated February 7, 1857. The right to redeem claimed by the plaintiff is by virtue of an alleged agreement made between him and Dudley Smith shortly before March 20, 1853, and also of two payments, which the plaintiff alleges he made to Smith subsequent to that time. The plaintiff says that it was agreed between them that he should furnish to Smith eight or ten hundred dollars, and that Smith should advance the remainder of the mortgage debt, and should take an assignment of the mortgage and the note secured by it, and hold them as security until the sum advanced by him, with interest, should be paid. The plaintiff claims that just before the 20th of March, 1853, according to this agreement, he furnished to Smith between eight and nine hundred dollars, and that Smith, advancing the remainder of $1,456.16, which was the amount of the mortgage debt, paid the same on the 19th or 20th of March to Pingree's attorney, and afterward took the conveyance of April 11, 1853, from Pingree; and that Smith held this title merely as security for the money he advanced, upon the repayment of which, with interest, this redemption was to enure to the benefit of the plaintiff. The plaintiff also says, that in August, 1853, and in March, 1854, he paid to Smith two sums of $100 each, in part payment of the $1,456.16.

The plaintiff objects to the admissibility of certain testimony as being evidence of his admissions not alleged in the answer. This evidence is a statement of the testimony given by the plaintiff as a witness upon the trial of an action at law between one Perley and Dudley Smith, and goes directly to contradict the plaintiff's testimony in the present cause as to the alleged agreement.

The evidence is competent unless excluded by the form of the pleadings. Gresley Eq., part III., ch. 3. The answers sufficiently deny the alleged agreement, and this evidence tends directly to contradict the plaintiff's testimony as to such an agreement. Whatever may be the rule as to the admissibility of admissions of a defendant, not expressly charged in the bill, when offered to prove a fact put in issue by the pleadings, we are not aware of any rule or of any practice in this State that excludes evidence of the admissions of a plaintiff which tend directly to disprove his testimony to a material matter in issue, merely because such admissions are not set out in the answer (3 Greenl. Ev., sec. 323, n. ; Story Eq. Pl., sec. 265, n.) ; and the evidence seems to us competent.

Upon a careful examination of the evidence, we think the plaintiff has failed to establish the agreement alleged, or to show that Dudley Smith took or held the title from Pingree with any trust for the plaintiff, or that payments were made under the alleged agreement, or were received by Dudley Smith to be applied on the mortgage debt.

*The bill must therefore be dismissed.*